PER CURIAM:
Claimant brought this action for damage to his 1997 Kawasaki Ninja ZX6R motorcycle which occurred when he was driving his motorcycle from a parking lot onto County Route 19/71 in Shinnston, Harrison County. The motorcycle went into a drop inlet at the edge of the road causing claimant to lose control of the motorcycle and resulting in an accident. Respondent was responsible at all times herein for the maintenance of County Route 19/71. The Court is of the opinion to make an award in this claim for the reasons set forth below.
The incident giving rise to this claim occurred on July 21, 2002, at around midnight. The weather was uneventful and it was dark outside. There had been no recent precipitation and the road surface was dry. Claimant was driving his 1997 Kawasaki Ninja ZX6R motorcycle, which he had purchased from a friend approximately one year prior to this incident. He had traveled on County Route 19/71 also known as East Avenue to go to a friend’s house on East Avenue when he decided to stop at Fox’s Pizza to speak with a girl who worked there. Claimant spoke to his friend on the parking lot as Fox’s Pizza was closing for the night. After they finished talking, she left the parking lot in her vehicle as claimant was placing his helmet on. Claimant proceeded to drive from the parking lot and turned left onto County Route 19/71 when suddenly the front tire of the motorcycle struck the comer of a drop inlet. Claimant testified that the frame of the motorcycle stock the asphalt due to the inlet being so deep. The impact threw him violently backwards while he attempted to hold onto the motorcycle. At this time, he *103 believes that he accidentally hit the throttle causing the motorcycle to careen quickly out of control throwing claimant onto the asphalt. As he was getting up, the motorcycle was still spinning across the road out of control. According to claimant, it eventually came to rest on the opposite side of the road after skidding approximately fifteen feet. Claimant suffered minor scrapes and bums. He was able to pick up the motorcycle and drive it to his friend’s house. However, the body of the motorcycle was damaged.
The inlet drain at issue is located just a few feet from Fox’s Pizza’s parking lot but within the travel portion of County Route 19/71. County Route 19/71 isatwo-lane, unmarked asphalt road. At this location, County Route 19/71 proceeds downhill and levels out at the bottom of the hill and extends into a sharp right turn. The drop inlet at issue is located near the edge of the road in the right lane at the bottom of the hill just prior to the right turn. Claimant testified that the drop inlet was approximately eleven inches deep and twenty-four inches by twelve inches in width and length. He estimated that he was only traveling between five to seven miles per hour when he drove from the parking lot onto the road. He also stated that he did not see the drop inlet prior to striking it. Further, claimant stated that he has not been to this location for approximately eight months and when he drove to Fox’s Pizza that night, he came in the opposite direction and thus was unaware of the drop inlet. The following day claimant reported the incident to the Shinnston Police Department.
Claimant submitted a repair estimate into evidence in the amount of $2,898.03. He had liability insurance only. According to claimant, the damage to the motorcycle was mostly cosmetic in nature which included numerous scratches and paint chips on the body of the motorcycle especially the left side which struck the asphalt. In addition, the fairing was cracked, and claimant had to purchase new tires, repair the clutch cable and brake cable at a cost of $30.00. These repairs cost claimant $30.00. The measure of damages in this claim was established through an estimate from Trick Motorsports submitted in evidence by claimant. Claimant’s total loss in this claim is $2,928.03.
Claimant asserts that respondent knew or should have known that this significant depth of the drop around the inlet drain on County Route 19/71 at the location of this incident presented a hazardous condition to the traveling public and yet failed to make adequate repairs.
It is respondent’s position that the drop inlet at issue in this claim does not constitute a hazardous condition to the traveling public. Respondent maintained the drop inlet as required and it was it good condition.
John Barberio, the Highway Administrator for respondent in Harrison County, is responsible for the overall maintenance of all highways in Harrison County including County Route 19/71. Mr. Barberio testified that County Route 19/71 is a low priority road. While respondent is responsible for maintaining it from curb to curb, the City of Shinnston plows it during the winter. He stated that at the location of this incident the roadway is a two-lane road approximately thirty feet wide. Mr. Barberio also stated that the drop inlet at issue has been at that location ever since the road was built. According to Mr. Barberio, he has not received any prior complaints about this condition of the drop inlet and he was unaware that it posed any problems to travelers of the road. He stated that it is a normal situation to have a drop inlet ten or eleven inches below the paved surface of the road where it is near the side of the road or curb, and not in the main driving portion of the road. In addition, he testified that a vehicle proceeding down the hill at this location would not use the portion of the road where this inlet drain is located, because the road is thirty feet wide and provides sufficient space to maneuver around the turn at this location. Mr. Barberio acknowledged that the drop inlet is in the travel *104 portion of the roadway and, in his opinion, it probably would not be appropriate for drivers using County Route 19/71 to drive in the area where the drop inlet is located.
Paul Lister, an investigator for the respondent’s Legal Division went to the scene of this incident and took photographs and measurements of the scene. Mr. Lister testified that this particular drop inlet has a twenty-four- inch by twenty-four inch metal cap on it. According to his measurements, the drop inlet tapers from the edge one and a half feet in three directions away from the curb side. It is tapered so as to drain water that flows down the hill. According to Mr. Lister, he measured the depth as being six inches at the deepest portion of the inlet. In addition, Mr. Lister testified that there is no ditch line on either side of the road, thus water drainage could be a significant problem without this drop inlet. Finally, Mr. Lister testified that given the relationship between the drain and the entry to the parking lot, it was his opinion that claimant had to have “cut” very close to the curb in order to strike this drop inlet.
It is a well established principle that the State is neither an insurer nor a guarantor of the safety of motorists on its roads and highways. Adkins v. Sims, 46 S.E.2d 81 (W.Va. 1947). In order to hold respondent liable for road defects of this type, claimant must establish by a preponderance of the evidence that respondent had actual or constructive notice of the road defect in question and a reasonable amount of time to take corrective action. Chapman v. Dept. of Highways, 16 Ct. Cl. 103 (1986); Prittv. Dept. of Highways, 16 Ct. Cl. 8 (1985).
In the present claim, the Court is of the opinion that claimant established that respondent had actual or constructive notice of a hazardous condition at the location of the drop inlet at issue in this claim. The evidence established that there is a significant difference in the elevation of the bottom of the drop inlet and the asphalt pavement of the road surface. Further, the evidence also established that the drop inlet was within the travel portion of the lane, and thus, the traveling public certainly should be able to use that portion of the road without encountering a hazardous situation. The Court has determined that claimant, who was unfamiliar with this area, was attempting to exit from a parking lot during in the dark and he could not have anticipated that his motorcycle would drop six inches as he exited that parking lot onto a State maintained road. Therefore, Court holds that respondent was negligent in its maintenance of the drop inlet at issue in this claim and, further, that respondent is liable for the damage to claimant’s motorcycle.
In view of the foregoing, the Court is of the opinion to and does make an award to claimant in the amount of $2,928.03.
Award of $2,928.03.